MICHAEL F. HERTZ
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice
DAVID J. KLINE, Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
AARON NELSON
Trial Attorney
    Office of Immigration Litigation
    Civil Division, U.S. Department of Justice
    P.O. Box 868, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 305-0691
    Facsimile: (202) 532-4393
    E-Mail: Aaron.Nelson@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL RADILLO JIMENEZ, | NO. 08CV-07255 |
|     Plaintiff, | DATE: March 2, 2009 |
|         v. | COURT: Hon. Manuel L. Real, United States District Judge |
| ERIC H. HOLDER, Jr., Attorney General of the United States, et al., | |
|     Defendants. | |

**STATEMENT OF UNCONTROVERTED FACTS**

**AND CONCLUSIONS OF LAW; AND ORDER GRANTING DEFENDANTS SUMMARY**

**JUDGMENT**

    The Motion to Transfer Venue Or, in the Alternative, Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment brought by Defendants Eric H. Holder, in his official capacity as

the Attorney General of the United States, and Janet Napolitano, in her official capacity as Secretary of the Department of Homeland Security, (collectively "Defendants") came on regularly for hearing on Monday March 2, 2009 before the Honorable Manuel L. Real, United States District Judge.  The Court having considered the pleadings, memoranda of points and authorities, evidence and oral argument presented at the time of the hearing, makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On or about August 23, 2004, Plaintiff Daniel Radillo Jimenez submitted on application for class membership in the CSS/Newman class by filing Form I-687, "Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act," and Supplement worksheet thereto.  Catholic Soc. Svcs., et al., v. Ridge, et al., (Civ. S-86-1343-LKK (E.D.Cal.) and Newman, et al., v. Ridge, et al., (No. CV 87-4757-WDK (C.D.Cal.)) Defs. Ex. 2 at 3.

2. In correspondence dated November 13, 2006, the United States Citizenship and Immigration Services ("USCIS") wrote Plaintiff Radillo Jimenez with its "Notice Of Intent To Deny Class Membership."  Id. at 25-26.

3. Through counsel, on or about December 6, 2006, Plaintiff Radillo Jimenez replied to the "Notice of Intent To Deny Class Membership."  Id. at 27-29.

4. In a decision dated February 7, 2007, USCIS denied Plaintiff Radillo Jimenez's August 23, 2004 application for class

1 membership.  The agency pointed to multiple inconsistencies in
2 Plaintiff's record and declarations he made under oath as the
3 reason for his failure to meet his burden of proof that it was
4 more probable than not that he qualified for class membership.
5 These included a claim of having filed an original Amnesty
6 application in 1981, which was impossible because there was no
7 such Amnesty program at the time.  Id. at 18-19.
8     5.   On February 28, 2007, Plaintiff Radillo Jimenez
9 appealed his denial of class membership to the Special Master
10 under the CSS/Newman Settlement Agreement who denied his appeal.
11 The Special Master found that the Record of Proceeding was
12 "indeed full of inconsistencies" which made it impossible to find
13 in Plaintiff's favor.  Id. at 15-16; Defs. Ex. 4.
14     6.   Plaintiff Radillo Jimenez lodged his complaint in this
15 instant matter on October 31, 2008.

**CONCLUSIONS OF LAW**

17     1.   Members of the class action suit that was settled by
18 Catholic Social Services, et al., v. Ridge, at al., (Civ. S-86-
19 1343-LKK (E.D.Cal.)) are those aliens who attempted to apply for
20 temporary resident status under the 1986 Immigration Reform and
21 Control act ("IRCA"), 8 U.S.c. § 1255(a)(1)(A), which directed
22 that such applications would be accepted if, *inter alia*, those
23 persons had resided continuously in the United States since 1982
24 and were physically present in the United States continuously
25 since November 6, 1986.
26     2.   To be eligible for class membership, persons must have

applied for temporary resident status between May 5, 1987 and May 4, 1988.  Reno v. Catholic Soc. Svcs., 509 U.S. 43 (1993).

    3.   Absences from the United States do not make an applicant, *ipso facto*, ineligible if they are "brief, casual, and innocent."  Id.

    4.   Individuals eligible for class membership are those who are otherwise prima facie eligible for legalization under Section 245A of the Immigration and Nationality Act ("INA") who attempted to file a completed application and fee with a representative of the Immigration and Naturalization Service ("INS") during the period from May 5, 1987 to May 4, 1988, but had the application and fee refused by that representative because they had traveled outside of the United States.  CSS Settlement Agreement, Defs Ex. 3, ¶1.

    5.   Applicants for class membership are to file a Newman Class Membership Application and a Form I-687, Application for Status as a Temporary Resident, along with a fee and supporting documents.  Id. at ¶5.

    6.   The agency will grant the class membership application where it appears "more probable than not that the applicant meets the class definition."  Id. at ¶6.

    7.   When the agency denies an application for class membership, that decision may be appealed to a Special Master, whose review "shall be based on the documents and other evidence submitted by the applicant, and any documentary evidence relied upon by defendants in reaching the decision to deny the

application for class membership." Id. at ¶9B.

8. A motion for summary judgment under Fed. R. Civ. P. 56 shall be granted when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

9. A dispute concerning a material fact is "genuine" if the evidence is sufficient to allow a reasonable jury to return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

10. The party moving for summary judgment bears the burden of establishing both the absence of a genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson</u>, 477 U.S. at 247; <u>Celotex</u>, 477 U.S. at 322.

11. Once the moving party meets his burden, the nonmoving party may not rest on the allegations of the pleadings but must set forth specific facts by affidavit or other evidence showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); <u>Anderson</u>, 477 U.S. at 256.

12. Pursuant to C. D. Cal Local R. 7-9, papers in opposition to a summary judgment motion must be filed not later than fourteen days prior to the hearing date.

13. If the nonmoving party does not respond to the Defendant's motion for summary judgment, summary judgment should, if appropriate, be entered against that party. Fed. R. Civ. P. 56(e).

14. Plaintiff failed to file any response in opposition to defendants' motion for summary judgment.

15. Upon examination of the record of proceedings and evidence before the Special Master, Plaintiff failed to meet his burden of establishing that it was 'more probable than not' that he met the requirements for class membership because of his contradictory evidence, testimony, and declarations made about his travel to Mexico.

16. The record reflects that Plaintiff made inconsistent statements about returns to Mexico and re-entrance into the United States. Plaintiff has stated in his Forms I-687 that he left the United States in October 1983 and September 1987, returning the following month each time.

17. Under oath, Plaintiff swore that he visited Mexico twice, once in 1996 and a second time that he could not remember.

18. In his declaration dated December 1, 2006, Plaintiff stated that he had not left the United States since 1983.

19. In Plaintiff's response to the agency's "Notice of Intent to Deny," he declared through counsel that he had never returned to Mexico after 1983.

20. These multiple inconsistencies make it impossible for Plaintiff to meet his burden for class membership; he cannot show that it is 'more likely than not' that he has met the requirements of the class.

21. Because there is no genuine issue of material fact remaining, judgment will be entered in favor of Defendants and

against Plaintiff.

22. To the extent that any of the foregoing Conclusions of Law are deemed to be statements of uncontroverted fact, they are incorporated into the foregoing Statement of Uncontroverted Facts.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED. Judgment is entered in favor of Defendants.

DATED: March 16, 2009

MANUEL L. REAL,
UNITED STATES DISTRICT JUDGE

Submitted by:
VICTOR M. LAWRENCE
Principal Assistant Director
Office of Immigration Litigation,
District Court Section

/s/ Aaron D. Nelson
AARON D. NELSON
Trial Attorney
Attorneys for Defendants

7